UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 20-CV-21604-ALTONAGA/GOODMAN

CLAUDIA PLAZAS ROCHA,
on behalf of herself and all others
similarly situated

    Plaintiff,

vs.

BRITISH BROADCASTING CORPORATION,
a foreign corporation,

    Defendant.
_____/

## AMENDED COMPLAINT
### [OPT IN PURSUANT TO § 216(b)]

**COMES NOW** Plaintiff, CLAUDIA PLAZAS ROCHA ("Plaintiff"), on behalf of herself and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant, BRITISH BROADCASTING CORPORATION ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d), *et seq.* and for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), to redress injuries resulting from Defendant's unlawful treatment of Plaintiff.

2. Plaintiff, individually, also has claims for sex-based discrimination violation under Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA").

3. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

4. Plaintiff is a female who began working for Defendant on or about February 2016 as a "Band 7" Journalist.

5. Defendant is foreign corporation authorized to conduct business in the State of Florida and having a place of business in Miami-Dade County, Florida.

6. Venue is proper in Miami-Dade because all of the actions that form the basis of this Complaint occurred within Miami-Dade County.

## FACTUAL ALLEGATIONS COMMON TO COUNT I

7. Plaintiff and other similarly situated are non-exempt employees of Defendant and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of Plaintiff's original complaint.

8. Specifically, Plaintiff and other similarly situated individuals performed work for Defendant as non-exempt Journalist.

9. In addition to misclassifying Plaintiff(s) as "exempt," Defendant subjected Plaintiff and other similarly situated employees (Journalists) to a uniform policy whereby Defendant, failed to pay overtime.

10. During her employment with Defendant, Plaintiff was required to work on breaking news stories at least twice a month. Breaking news were stories that were unexpected and required media coverage without prior planning.

11. These stories required Plaintiff to work at least 5 additional hours over the 40 hours on a particular week. Plaintiff was not being compensated at all for the overtime hours she worked.

12. The members of the putative collective action are Plaintiff and those employees who were misclassified as "exempt" journalists, when in actuality Plaintiff's job duties were non-exempt in nature, because their work product was subject to substantial control of the Defendant.

13. Plaintiff intends to seek conditional certification of a collective action only for similarly situated journalists for the relevant time period pertaining to this action, a minimum of three years prior to the original filing of Plaintiff's complaint.

14. Plaintiff's primary duties, as well as the primary duties of those persons similarly situated, were of a non-exempt nature, and included, without limitation, preparing written and audiovisual news segments.

15. Plaintiff only seeks conditional collective action certification for similarly situated employees of Defendant who performed work similar to the Plaintiff's job duties described herein in Paragraph 13 at Defendant's locations, nationwide and held the job title of "band 7" or "band 8" Journalist.

16. Defendant, in conjunction with its respective divisions, however such divisions are constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated persons in the asserted classes at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

17. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Specifically, Defendant is a public broadcaster, providing services on the internet, TV, and radio.

19. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

20. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

21. During the course of employment with Defendant, Plaintiff and other members of the asserted classes regularly worked over forty (40) hours in each workweek, but were not compensated at time and one half the respective regular rates of pay for all hours worked over forty (40) in each such workweek due in part to Defendant's practice misclassifying members of the asserted FLSA opt-in Classes as exempt and failing to pay overtime.

22. The material time for the claims under the FLSA in this case is the three-year period prior to the date of filing this complaint, and the period of additional time, if any, that such claims were tolled or extended by agreement of Defendant, by equity, or by operation of law.

23. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees in the asserted classes, and the compensation actually paid, or not paid, to such employees should be in the possession, custody and control Defendant.

24. Plaintiff and all other similarly situated, were not paid at the proper overtime rate for all hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

25. Plaintiff was not paid at the proper rate for all hours worked per week, as proscribed by the laws of the United States and the State of Florida.

26. At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

27. Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

28. During the relevant time period, Plaintiff performed overtime work each week for which Defendant failed to pay Plaintiff at one and a half times her regular rate of pay. The employer's decision to not pay overtime was intentional, and therefore, the Plaintiff is eligible to recover unpaid wages for three years prior to the filing of the complaint.

29. Due to Plaintiff's delayed discovery of her rights under the Fair Labor Standards Act, and Defendant's failure to place Plaintiff and others similarly situated on notice of their right to overtime compensation, the statute of limitations should be equitably tolled to begin on the date Plaintiff first became aware of her rights.

30. Plaintiff's time within the company was compensated at a rate of approximately $26.44 per hour. Plaintiff's time past the forty (40) hours was not compensated at all.

## EPA AND SEX (GENDER) BASED DISCRIMINATION AND RETALIATION ALLEGATIONS COMMON TO COUNT II-VI

31. Plaintiff is a female and falls within a protected class under Title VII and the FCRA.

32. This Court has jurisdiction over Plaintiff's sex (gender) based discrimination claims pursuant to Title VII and the FCRA, to wit.

33. Defendant tolerated and cultivated a work environment that discriminated against female Journalists, to wit, Female Journalists were subjected to unlawful disparate treatment, in that female Journalists got paid at a lower rate than their male counterparts for equal work.

34. Throughout Plaintiff's employment, Defendant has consistently hired men at a considerably higher rate than women, such that the salary structure has resulted in a substantial disparity between the male and female employees. Specifically, a disparity exists between female Journalists and their equal male counterparts.

35. Male "Band 7" and "Band 8" Journalists performed the same and/or similar duties as Plaintiff, including preparing written and audiovisual news segments.

36. Male Band 7 and Band 8 Journalists perform the same and/or similar work under the same and/or similar working conditions as the Plaintiff, female and male Band 7 and Band 8 Journalists had the same and/or similar responsibilities, used the same and/or similar system and equivalent equipment to perform their duties.

37. Throughout Plaintiff's employment, Defendant paid male Band 7 and Band 8 Journalists at a higher rate than the Plaintiff; the increased pay that Plaintiff's male counterparts received was not based on superior skills, effort, responsibility, or any other legitimate factor.

38. Plaintiff's was compensated at a lower pay rate than her equal male counterparts who performed the same and/or similar duties under substantially similar conditions.

39. Specifically, Plaintiff was paid a lower than her team members, who were similarly situated, including but not limited to, Rafael Rojas and Marcos Martinez.

40. Additionally, Plaintiff is aware of news reports of other female employees complaining about the lack of equal pay among women when compared to men, company-wide. One such example of such a news report from October 24, 2018 highlights the differences in pay between male and female counterparts.[1]

41. Additionally, since Pascal Fletcher became Plaintiff's supervisor, he subjected Plaintiff to disparate treatment.

42. Mr. Fletcher would constantly talk down to Plaintiff and criticize Plaintiff's work more harshly than the male employees' work.

43. Mr. Fletcher would not give Plaintiff the opportunity to work on certain pieces, instead he would give work to male freelancers. Plaintiff was told that her stories would not be published and she would not be getting appropriate credit for the work she did.

44. Mr. Fletcher would assign Plaintiff to work on countries that she was not supposed to cover and then have her work reviewed by another male employee without the same qualifications and credentials as Plaintiff.

45. Plaintiff asked for a raise in April and May 2018 which was denied.

46. Upon information and belief, Plaintiff was not given the opportunity to cover other assignments for additional compensation but two of her male counterparts received these additional assignments.

---

[1] **See** BBC still failing women over equal pay, report finds" The Guardian, October 24, 2018, https://www.theguardian.com/media/2018/oct/25/bbc-still-failing-women-over-equal-pay-report-finds

47. Though Plaintiff has received merit based salary raises, her salary remained significantly below that of her male counterparts.

48. On February 20, 2019 Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations. (EEOC Charge No.:15C-2019-00092)

49. On or about December 4, 2019, Plaintiff received a Notice of Right to Sue and instituted suit timely.

50. This Court has jurisdiction over Plaintiff's EPA claims pursuant to 29 U.S.C. §206 *et seq.*

51. Counts for EPA violations may be brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b), for all claims asserted by the EPA similarly situated plaintiffs who opt-in to this action because the claims of the Plaintiffs are similar to the claims of the EPA opt-in Class.

52. Plaintiffs and the EPA opt-in Class (a) are similarly situated in that (b) they were subjected to Defendant's common practice of gender based discrimination in failing to compensate female Band 7 and Band 8 Journalists on par with their male counterparts.

53. Plaintiff confronted her supervisor Pascal Fletcher about his disparate treatment toward her. Mr. Fletcher stated that Plaintiff was "dramatic, crazy, and too sensitive". Mr. Fletcher stated that the male employees were not sensitive and dramatic.

54. Plaintiff complained to the Assistant Editor, Penny Morvant ("Ms. Morvant"), as well as Human Resources, but nothing was resolved. Ms. Morvant told Plaintiff to "let it go" for the good of the team.

55. After Plaintiff's complaints, the disparate treatment worsened, leaving Plaintiff with no other choice but to resign.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

57. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of FLSA and specifically under the provisions of 29 U.S.C. § 207.

58. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

59. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

60. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

61. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

62. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

63. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

64. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

65. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

66. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked which were not properly compensated.

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Discrimination in Compensation*
*Equal Pay Act of 1963, 29 U.S.C. §206 et seq.*

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 6 and 31 through 55 of this complaint as if set out in full herein.

68. This action is brought by Plaintiff and other similarly-situated individuals to recover back pay damages for Defendant's violation, as well as an additional amount as liquidated damages equal to the amount of back pay awarded, costs, and reasonable attorney's fees under the provisions of the EPA.

69. Plaintiff belongs to a protected class; she is a female.

70. Plaintiff job function as a Band 7 Journalist, were and are the of equal skill, effort, and responsibility as the job functions of Defendant's male Band 7 Journalist and they were performed under the same or similar conditions.

71. During all relevant period, Plaintiff received wages lower that most if not all, of Defendant's male Band 7 Journalists' wages while performing the same or substantially more work than her male coworkers.

72. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the equal and/or same or at times substantially more work than her male counterparts.

73. Defendant violated the EPA in not paying Plaintiff and other similarly situated females on par with their male counterparts; Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

C. Award Plaintiff an equal amount in double damages/ liquidated damages; and

D. Award Plaintiff the cost of this action, together with reasonable attorney's fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Sex Discrimination in Violation of the Title VII*

74. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 6 and 31 through 55 above as if set out in full herein.

75. Plaintiff is a female individual and is a member of a protected class under Title VII.

76. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex/gender and subjected the Plaintiff to sex-based animosity.

77. Such discrimination was based upon the Plaintiff's sex/gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

78. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex/gender was unlawful but acted in reckless disregard of the law.

79. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

80. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

82. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

83. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

84. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

       employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Sex Discrimination in Violation of the FCRA*

85. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 6 and 31 through 55 above as if set out in full herein.

86. Plaintiff is a female individual and is a member of a protected class under the FCRA.

87. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex/gender and subjected the Plaintiff to sex-based animosity.

88. Such discrimination was based upon the Plaintiff's sex/gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

89. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex/gender was unlawful but acted in reckless disregard of the law.

90. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

91. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

92. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

93. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

94. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

95. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation in Violation of the FCRA*

90. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 and 31 through 55 of this complaint as if set out in full herein.

91. Plaintiff is a member of a protected class under the FCRA.

92. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

93. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex, national origin and/or disability was unlawful but acted in reckless disregard of the law.

94. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

95. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

96. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
*Retaliation in Violation of Title VII*

97. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-6 and 31 through 55 of this complaint as if set out in full herein.

98. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

99. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

100. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

101. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

102. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

103. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

104. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 5, 2020

Respectfully submitted,

/s/ Peter Michael Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No.: 118315
ns@rgpattorneys.com
Daniel J. Bujan, Esq.
Fla. Bar No. 1017943
dbujan@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005